## Case No. 17,982.

### WOODROW v. COLEMAN.

[1 Cranch, C. C. 171.] [1]

Circuit Court, District of Columbia.   June Term, 1804.

#### ARTICLES OF APPRENTICESHIP.

The father of an apprentice who binds himself, is liable upon the indentures, by reason of his signature and seal, although there be no express words of covenant binding the father.

Covenant against the father on articles of apprenticeship of the son, the boy having run away. Oyer and general demurrer to the declaration.

Mr. Taylor, for defendant, contended that the signature and seal of the father, is only evidence of his consent. As there are no words in the indenture to bind the father, no action can be maintained upon it against him. Co. Lit. 172; Evelyn v. Chichester, 3 Burrows, 1719; Old Rev. Code Va. c. 95, § 15; Maddon v. White, 2 Term R. 161; Rex v. Inhabitants of Hindringham, 6 Term R. 557.

Mr. Swann, contra. By the law of Virginia, a father may bind his child, and the father is liable if the son embezzles the master's money. It is upon the faith of this that the master takes the apprentice. A father has a right to bind the son without his consent. The father might have brought an action against the master upon this indenture. The words are, "the said parties bind themselves each to the other." 3 Bac. Abr. 547; Gylbert v. Fletcher, Cro. Car. 179; Whitley v. Loftus, 8 Mod. 191; Branch v. Ewington, Doug. 518.

Judgment for plaintiff on the demurrer.

[See Cases Nos. 17,983 and 17,984.]

## Case No. 17,983.

### WOODROW v. COLEMAN.

[1 Cranch, C. C. 192.] [1]

Circuit Court, District of Columbia.   Nov. Term, 1804.

OVERRULING OF DEMURRER—PLEADING DE NOVO.

After judgment for the plaintiff on the defendant's demurrer, and writ of inquiry awarded, the court will not permit the defendant to plead de novo, unless he will withdraw his demurrer.

THE COURT, at last term, overruled the defendant's demurrer [Case No. 17,982], but the judgment was not entered until this term; and the jury being now called to be sworn to inquire of damages,—

Mr. Taylor, for the defendant, offered to plead a breach of covenant on the part of the plaintiff in bar of the action, and contended that the covenants were dependent.

THE COURT refused to suffer the defendant to file the plea offered.

Mr. Taylor then offered the general issue to the breach assigned.

THE COURT intimated that they would not permit the plea, unless the judgment on the demurrer should be struck out, and the demurrer withdrawn.

Mr. Taylor refused to withdraw the demurrer, and the writ of inquiry was executed.

[See Case No. 17,984.]

## Case No. 17,984.

### WOODROW v. COLEMAN.

[1 Cranch, C. C. 199.] [1]

Circuit Court, District of Columbia.   Nov. Term, 1804.

#### COSTS.

Full costs will be given in covenant.

Motion, by the defendant's counsel, that the clerk be ordered to tax only so much costs as damages. New Rev. Code, p. 109, § 17.

The action was covenant, and verdict for plaintiff, one cent.

Mr. Swann, for the plaintiff, contended that the section applies to actions of trespass. Gilb. Cas.; Bac. Abr. "Costs."

THE COURT gave judgment with full costs.

[See Cases Nos. 17,982 and 17,983.]

WOODROW (COOKE v.).   See Case No. 3,-181.

WOODROW (JONES v.).   See Case No. 7,-509.

## Case No. 17,985.

### Ex parte WOODRUFF.

[3 App. Com'rs Pat. 233.]

Circuit Court, District of Columbia.   Nov. 12, 1859.

PATENTS — COMBINATIONS — NOVELTY AND INVENTION.

[A combination, to be patentable, must disclose something new, either in the combination itself, or in the result achieved.]

An appeal from a decision of the commissioner of patents refusing to grant letters patent to Andrew Woodruff for an improvement in harrows.

MORSELL, Circuit Judge. The specification particularly describes the various parts of appellant's improved harrows. At the closing part thereof appellant says: "I claim as my invention, and as a new article of manufacture, the folding harrow above described, composed of two X shaped tooth frames supported and connected at their ends as described and shown." The acting commissioner adopts for his decision the report of the board of examiners, which states: "The applicant claims a folding harrow, composed of two X shaped frames connect-

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]